| | | |
|---|---|---|
| JOHN W. GALLAGHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-CV-1268 |
| | ) | |
| THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The plaintiff, John Gallagher, sued his former employer, the University of North Carolina at Chapel Hill, alleging that UNC discriminated against him on the basis of gender, retaliated against him for participating in interviews relating to an internal EOC investigation, and violated the North Carolina Whistleblower Act and the North Carolina Equal Employment Practices Act. Because Mr. Gallagher has not produced evidence to support his claims, the Court will grant UNC's motion for summary judgment.

## DISCUSSION

Summary judgment should be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).[1]

---

[1] The Court has reviewed the evidence referenced in the parties' briefs, but it has not scoured the record to locate support for factual assertions in the briefs not accompanied by a citation to evidence. *Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 395-96

I.  **Sex Discrimination**

Mr. Gallagher asserts that UNC discriminated against him on the basis of gender. While not completely clear, his discrimination claim seems to focus on his assertion that UNC treated him differently from female employees during an internal equal employment investigation and when terminating his employment.[2] Doc. 41 at 12; Doc. 43-4 at 5-8.  In support of this assertion, he offers his testimony that he knew of "at least two other female employers at UNC that when there were HR issues involved, they were sent to HR training and I wasn't afforded that opportunity.  I was just dismissed." Doc. 43-4 at 7.  However, he does not identify the comparators' positions, supervisors, or other relevant circumstances. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 272–73 (4th Cir. 2005) (requiring comparators to hold similar positions).  Mr. Gallagher's conclusory assertion that unidentified female employees received more favorable treatment based on gender does not create a disputed issue of fact.

Moreover, UNC hired a male to perform this human resources functions after Mr. Gallagher was terminated. Doc. 37-12 at ¶ 17; Doc. 37-4 at ¶ 25; *see Miles v. Dell, Inc.*, 429 F.3d 480, 486 (4th Cir. 2005) (noting that "the law in this circuit is that, as a general rule, Title VII plaintiffs must show that they were replaced by someone outside their

---

(4th Cir. 1994) (noting that the district court is "well within its discretion in refusing to ferret out the facts that counsel had not bothered to excavate").

[2] To establish a prima facie case of gender discrimination, Mr. Gallagher must show: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that similarly-situated employees outside the protected class received more favorable treatment. *Gerner v. Cty. of Chesterfield, Va.*, 674 F.3d 264, 266 (4th Cir. 2012).

protected class in order to make out a prima facie case," subject to limited exceptions). There is no evidence that this was done in order disguise discrimination or that the decisions were made by different decision-makers. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 647–48 (4th Cir. 2007) (applying exceptions).

Even if Mr. Gallagher did establish a prima facie case, UNC offers a legitimate, non-discriminatory reason that Mr. Gallagher has not rebutted.[3] UNC's evidence establishes that it fired Mr. Gallagher because he refused to take two weeks of leave to give RENCI[4] time to restructure his HR duties and because of his unacceptable conduct during a meeting to discuss the reorganization. *E.g.,* Doc. 37-11 at 19-23.

To show pretext, Mr. Gallagher offers only (1) his disagreement with UNC's conclusion that he behaved inappropriately during the September 3 meeting, (2) a conclusory assertion that UNC did not follow its policies and procedures and that the underlying equal employment investigation was improper, and (3) several affidavits from former co-workers stating that they felt Mr. Gallagher did not discriminate against women. None of Mr. Gallagher's contentions are sufficient to create a disputed question of fact.

Mr. Gallagher's opinion about his conduct will not ward off summary judgment. *See Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 722 (4th Cir. 2013) (noting that employee's

---

[3] To show pretext, Mr. Gallagher must prove "'*both* that the reason was false, *and* that discrimination was the real reason' for the challenged conduct." *Jiminez v. Mary Wash. Coll.*, 57 F.3d 369, 378 (4th Cir. 1995) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (emphasis original).

[4] RENCI is a research institute within UNC dedicated to developing and employing advanced technologies to enable research discoveries and practical innovations. Doc. 19 at ¶ 10.

disagreement with employer's conclusions does not prove that the employer's explanation was dishonest or not the real reason for termination).

Although Mr. Gallagher repeatedly asserts that "UNC failed to follow its own policy," *e.g.*, Doc. 41 at 7, 17, he has not specifically explained how UNC violated these policies or pointed to any evidence that supports his assertions. *See, e.g., Matherly v. Andrews*, 859 F.3d 264, 280 (4th Cir. 2017), *cert. denied,* 138 S. Ct. 399 (2017) (conclusory or speculative allegations do not demonstrate a genuine issue of material fact). Even evidence that UNC "erroneously or even purposely misapplied [its own] policy," standing alone, will not ordinarily overcome a properly supported summary judgment motion. *See Dugan v. Albemarle Cty. Sch. Bd.*, 293 F.3d 716, 722 (4th Cir. 2002).

The affidavits submitted by Janet Launder, Beth Crutchfield, and Catherine Innes are also insufficient to establish pretext. None have personal knowledge about why Mr. Gallagher was terminated. Doc. 43-1 at ¶¶ 7, 23-25; Doc. 43-2 at ¶¶ 2, 13-14; Doc. 43-3 at ¶ 1. Whether Mr. Gallagher did or did not discriminate against women may have been at issue in UNC's internal investigation and may have been at play in the restructuring decision, but any such discrimination by him was not the reason UNC proffered for Mr. Gallagher's termination. *See DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) ("When an employer articulates a reason for discharging the plaintiff not forbidden by law, it is not [the Court's] province to decide whether that reason was wise, fair, or even correct."). Mr. Gallagher admits that he objected to UNC's requirement that he take two weeks of leave, which he considered to be a disciplinary sanction, and that he refused

4

to comply. Doc. 43-4 at 17-24; Doc. 43 at ¶¶ 11-12, 14-16. In short, Mr. Gallagher does not show that UNC's explanation for his termination was false and that discrimination was the real reason for his termination. *Jiminez*, 57 F.3d at 378; *see also Jordan v. Summers*, 205 F.3d 337, 344 (7th Cir. 2000) ("Pretext is a lie, not merely a mistake.").

UNC is entitled to summary judgment on this claim. No reasonable jury could find that UNC discriminated against Mr. Gallagher on the basis of gender because he has not put forth a prima facie case or rebutted UNC's non-discriminatory explanation.

## II. Retaliation

Mr. Gallagher contends that he was terminated in retaliation for his cooperation and assistance with UNC's EOC investigator. However, he produces no evidence showing a causal link between his cooperation with the EOC investigation and his termination.[5]

Mr. Gallagher contends that he has established a prima facie case because he was interviewed by UNC's EOC investigator, had never been disciplined before his termination, and his work performance was satisfactory. Doc. 41 at 13. But a "plaintiff's own self-serving opinions, absent anything more, are insufficient to establish a *prima facie* case." *See Mackey v. Shalala*, 360 F.3d 463, 469–70 (4th Cir. 2004). Beyond his own opinion, Mr. Gallagher produces no evidence showing retaliatory animus or

---

[5] To establish a prima facie case of retaliation under Title VII, Mr. Gallagher must show that (1) he engaged in a protected activity, (2) that UNC took adverse employment action against him, and (3) a causal link between the protected activity and the adverse action. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989).

5

causation, much less that his termination would not have occurred "but for" his participation in the EOC interview. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) (plaintiff must prove that retaliation was the "but-for" reason for an adverse employment decision).

Even if Mr. Gallagher's evidence was sufficient to put forth a prima facie case, UNC has put forth a legitimate, non-retaliatory reason for his termination, and Mr. Gallagher has not shown pretext. *See supra* Part I. Summary judgement is appropriate.

### III.   Whistleblower Act

Mr. Gallagher also contends that he was wrongfully terminated in violation of N.C. Gen. Stat. § 126-85. However, his Whistleblower Act claim is time-barred. *See* N.C. Gen. Stat. § 126-86 (requiring commencement of suit "within one year after the occurrence of the alleged violation"). UNC terminated Mr. Gallagher's employment on September 4, 2015. Mr. Gallagher did not file his original complaint until October 28, 2016, nearly fourteen months after his termination. Doc. 1; Doc. 43 at ¶ 6. Therefore, UNC is entitled to summary judgment on this claim.

### IV.   Equal Employment Practices Act.

Mr. Gallagher also contends that he was wrongfully terminated under N.C. Gen. Stat. § 143-422.2. But the Eleventh Amendment shields UNC from Mr. Gallagher's wrongful termination claim. *E.g.*, *Howell v. N. Carolina Cent. Univ.*, No. 1:16CV576, 2017 WL 2861133, at *14 (M.D.N.C. July 5, 2017); *Hooper v. North Carolina*, 379 F. Supp. 2d 804, 814 (M.D.N.C. 2005) (finding that sovereign immunity barred the

6

plaintiff's wrongful discharge claim against NCCU, among others). UNC is entitled to summary judgment on this claim.

## CONCUSION

Whether or not UNC's termination of Mr. Gallagher was fair or unfair or a good or bad decision is not before the Court. The Fourth Circuit has repeatedly recognized that the federal courts do "not sit as a kind of super-personnel department weighing the prudence of employment decisions made by [employers] charged with employment discrimination." *E.g., DeJarnette*, 133 F.3d at 299. Mr. Gallagher has not established that he was terminated because of gender discrimination or retaliatory animus or that UNC's decision was otherwise contrary to state law. Because UNC's reason for discharging Mr. Gallagher was not forbidden by law, it is not this Court's province "to decide whether the reason was wise, fair, or even correct." *Id.* Summary judgment is proper.

It is **ORDERED** that the defendant's motion for summary judgment, Doc. 37, is **GRANTED.**

It is further **ORDERED** that the plaintiff's motion to clarify and allow tort damages claims for front pay, pain and suffering damages and punitive damages, Doc. 33, and the defendant's motion to clarify the trial date, Doc. 46, are **DENIED** as moot.

Judgment will be entered as time permits.

This the 7th day of May, 2018.

UNITED STATES DISTRICT JUDGE

7